| | |
|---|---|
| REED TIMMER,<br><br>Plaintiff,<br><br>v.<br><br>THE REAL MARKET INVESTORS, INC.,<br><br>Defendant. | Case No: 3:25-cv-00370<br><br>Judge William L. Campbell, Jr<br><br>Magistrate Judge Jeffery S. Frensley |

**PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME AND FOR AN ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANT**

**INTRODUCTION**

Plaintiff Reed Timmer ("*Plaintiff*"), via counsel, respectfully moves the Court or an order granting Plaintiff's Motion for Enlargement of Time to Serve defendant The Real Market Investors, Inc. ("*Defendant*") pursuant to Fed. R. Civ. P. 4(m), extending the time to serve Defendant by a period of thirty (30) days after the Court enters an Order disposing of the present motion. Plaintiff also moves for an order authorizing alternate service upon Defendant via e-mail and certified mailing pursuant to Fed. R. Civ. P. 4(e)(1) and 4(h)(1) and Tenn. R. Civ. P. 4.04(10) & 4.09. This motion is supported by the Declaration of Craig B. Sanders ["*Sanders Dec.*"] submitted herewith, and accompanying Affidavits of Non-Service for Defendant. [*See* Sanders Dec., Ex. B].

As discussed in further detail below, immediately upon the issuance of the summons, Plaintiff engaged a process server to attempt service upon Defendant at all known addresses. Following the failed attempts to effectuate service at the addresses of record, Plaintiff attempted to find alternative addresses where Defendant and/or its registered agents could be served. Unfortunately, to date, all attempts to effectuate service have been unsuccessful. Plaintiff now

1

respectfully submits that good cause exists for the Court to extend the time for Plaintiff to serve Defendant with process in this action, as well as to authorize service by alternative means. That is because, despite Plaintiff taking diligent efforts to serve Defendant with process, Defendant has evaded service of the Complaint.

As a result, Plaintiff has expended resources and made significant efforts to identify any alternate addresses for Defendant and/or to locate an agent authorized to accept service. Unfortunately, the efforts to serve Defendant have proven to be unsuccessful thus far. Ultimately, personal service upon Defendant is not feasible and alternate service is necessary and appropriate. Insofar as Plaintiff has exercised the utmost diligence in attempting to serve Defendant, Plaintiff respectfully requests an Order: (1) extending time pursuant to Fed. R. Civ. P. 4(m) by thirty (30) days to serve Defendant via alternative means; and (2) for such other and further relief as the Court deems just and proper.

## I. **RELEVANT BACKGROUND**

On April 2, 2025, Plaintiff initiated this copyright infringement action by filing a complaint against Defendant. [ECF No. 1]. Following the issuance of the summons, Plaintiff, via counsel, engaged the services of Kentucky Process Service Inc., a third-party process server, to personally serve Defendant with the Summons and Complaint at Defendant's principal office address, located at 1012 Norman Harris Road, Ashland City, TN 37015 (the "*1012 Norman Harriss Address*"). [*See* Sanders Dec. at ¶¶ 4-7, Exs. A & B]. Said address is also the only documented address for Defendant's registered agent and is also its mailing address.

On April 16, 2025, April 17, 2025, and April 19, 2025, service was attempted at the 1012 Norman Harriss Address. [*See* Sanders Dec. at ¶ 7, Ex. B]. The process server noted that the property was protected by a locked fence, there was a bicycle next to the front porch, but that no vehicles were present during said attempts. [*Id.*]. As such, the process server was unable to

effectuate service at the 1012 Norman Harris Address.

Following the failed service attempts upon Defendant at its only known documented address, Plaintiff conducted a TLO skip-tracing paid search service on Defendant and its known registered agent, Darin Blue ("*Blue*"), through which an alternative address for service was identified: 1010 Norman Harriss Road, Ashland City, TN 37015 (the "*1010 Norman Harriss Address*"). [*See* Sanders Dec. at ¶ 8, Ex. C].

Thereafter, Plaintiff, via counsel, engaged the services of Rice Investigations, a different third-party processer, to personally serve Defendant via its known registered agent, Blue, at the 1010 Newman Harriss Address. Despite attempting service at said address five (5) different times (May 21st, May 24th, May 30th, May 31st, and June 4th), the process server was unable to effectuate service upon Defendant via its registered agent. [*See* Sanders Dec. at ¶ 9; Ex. B]. Throughout the five (5) attempts, the process server noted that the property was protected by a locked gate, and that on two (2) occasions, the process server left his contact information, noting that said information was removed at subsequent service attempts. [*Id.*]. The process server also noted that on the last service attempt, he was able to call from the call box at the gate and leave a message, and that the security camera on the gate appeared to be active. [*Id.*].

Prior to the commencement of this action, in November and December of 2024, Plaintiff, via counsel, served Defendant with notice of its infringing conduct via e-mail at privacy@countryrebel.com, from which the firm received delivery confirmation receipts for. [*See* Sanders Dec. at ¶10, Ex. D].

Despite making good faith and diligent attempts to serve Defendant at the Defendant's known addresses, the process servers were unable to effectuate personal service upon Defendant.

**II.     ARGUMENT**

**A.  Additional Time Should Be Permitted for Serving Defendant**

Pursuant to Fed. R. Civ. P. 4(m), if a defendant is not served within 90 days after the complaint is filed, but "plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Here, despite diligent efforts which are detailed more fully in the accompanying Affidavits of Non-Service [*See* Sanders Dec., Ex. B], Plaintiff has been unable to effectuate service upon Defendant. Plaintiff has already incurred significant costs in the failed service attempts [*See* Sanders Dec. at ¶ 12] and is unable to uncover and/or confirm any other alternative physical addresses for the Defendant or its registered agent, despite diligent efforts to do so. Therefore, Plaintiff has demonstrated adequate good cause for granting Plaintiff an extension of time in which to serve the Defendant.

**B. The Court Should Grant Plaintiff Leave to Effectuate Service Upon Defendant By E-mail and Certified Mailing**

Federal Rules of Civil Procedure 4(e) and 4(h) together permit service on a corporation to be completed in accordance with state law. Specifically, Fed. R. Civ. P. 4(e)(1) provides that service upon a corporation within the United States may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Defendant and Blue, Defendant's registered agent, are located in Tennessee, as confirmed by the Plaintiff's research and the State's records. [*See* Sanders Dec., Exs. A & C]. Thus, under Rules 4(e)(1) and 4(h)(1), service can be effected upon Defendant and/or Defendant's Agent, Blue, by complying with Tennessee law, since that is the place where service is to be made.

**C. Service of Process in Tennessee**

Under Tennessee law, Rule 4.04 of the Tennessee Rules of Civil Procedure provides the methods by which a plaintiff may serve a defendant in Tennessee. Tenn. R. Civ. P. 4.04(1)–(11). Rule 4.04(10) allows for service of a corporation via certified mailing, return receipt requested.

4

Importantly, when served via certified mail, a return receipt is required showing either "(a) ... personal acceptance by the defendant or by persons designated by Rule 4.04 or statute; or (b) ... stating that the addressee or addressee's agent refused to accept delivery..." Tenn. R. Civ. P. 4.04(10); *see Hall v. Haynes*, No. W200702611COAR9CV, 2009 WL 782761, at *13 (Tenn. Ct. App. Mar. 26, 2009), *aff'd,* 319 S.W.3d 564 (Tenn. 2010) (explaining that alternate service upon a corporation by certified mail must be made upon "an officer or managing agent thereof, or ... any other agent authorized by appointment or by law to receive service on behalf of the corporation") (internal quotations omitted).; *see also Bateman v. United States,* No. 3:08-1186, 2009 WL 2043871, at *3 (M.D. Tenn. July 9, 2009) ("While Tennessee law allows service by certified mail, such mail must be received and signed for ... by an agent authorized to accept service.").

Further, under Tennessee law, "the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." *See* Tenn. R. Civ. P. 4.09. However, any alternative method approved by the court "must also comport with constitutional notions of due process" which requires the method of service to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004) quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Courts within the First Circuit have found service via e-mail to comport with constitutional notions of due process. *See Popular Enters., LLC* 225 F.R.D. at 563 (finding service of process via e-mail to be "reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond."); *Cisco Sys., Inc. v. Lamination Serv., Inc.,* No. 221CV02139TLPTMP, 2021 WL 9880853, at *2 (W.D. Tenn. Aug. 11, 2021) (granting plaintiffs' motion to serve the defendant via email, agreeing that "email service

5
Case 3:25-cv-00370 Document 12 Filed 06/19/25 Page 5 of 8 PageID #: 46

comports with due process here" in that "serving defendant by e-mail not only meets constitutional standards, but also is the method of service most likely to reach defendant."); *Gathering Spot, LLC v. Gathering Spot at Burlington Vill. LLC,* No. 3:22-CV-7-TRM-JEM, 2022 WL 22863220, at *2 (E.D. Tenn. June 6, 2022) (finding "that service of process by alternative means is appropriate and that use of email is reasonably calculated to apprize [defendant] of the pendency of this action and afford her an opportunity to respond.").

As set forth above and as per the accompanying affidavit of Plaintiff's counsel, personal service was attempted via two (2) different process servers at the only two (2) known physical addresses for Defendant and Defendant's registered agent. Despite engaging in diligent research, including paid TLO searches and exhaustive internet research, no other physical addresses for Defendant and/or Defendant's registered agent have been identified. After a total of eight (8) different service attempts at two (2) different locations by two (2) different process servers, Defendant continues to evade service and, despite the diligent efforts undertaken by Plaintiff, Defendant remains unserved.

As stated above, alternative service is allowed at any time, in the court's discretion, "unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued" [s*ee* Tenn. R. Civ. P. 4.09], so long as the alternate mode of service "purports with the constitutional notions of due process." *see Popular Enters., LLC* 225 F.R.D. at 561.

Here, as per the accompanying declaration of Plaintiff's counsel, Defendant and its registered agent, Blue, are located in Tennessee, either at the 1012 Norman Harriss Address and/or the 1010 Norman Harriss Address, as supported by the State's records, Defendant's Website and social media accounts, and the TLO paid search results. [*See* Sanders Dec. at ¶¶ 4-5, 8, & 11; Exs. A, C, & E]. Further, Defendant's own Website and social media accounts provide the following e-

mail addresses as its modes of contact: (a) support@countryrebel.com, (b) privacy@countryrebel.com, (c) admin@countryrebel.com, at least one of which was confirmed to be active as evidenced by the delivery confirmation notice received by Plaintiff's counsel in its pre-litigation contact attempts. [*See* Sanders Dec, at ¶¶ 10 – 11, Exs. D – F].

Accordingly, Plaintiff respectfully submits that due process concerns are met by serving Defendant via certified mailing, return receipt requested, to the 1012 Norman Harriss Address and the 1010 Norman Harris Address, as well as via e-mail.

In the event the Court grants the requested relief, Plaintiff's counsel intends to serve the summons, complaint, and civil cover sheet upon Defendant via e-mail using an authorized e-mail address from the Sanders Law Group at (a) support@countryrebel.com, (b) privacy@countryrebel.com, (c) admin@countryrebel.com, and via certified mailing, return receipt requested, to the 1012 Norman Harriss Address and the 1010 Norman Harriss Address.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that the Court grant Plaintiff's application to serve Defendant by way of alternate methods, specifically via e-mail at (a) support@countryrebel.com, (b) privacy@countryrebel.com, (c) admin@countryrebel.com, and via certified mailing, return receipt requested, to the 1012 Norman Harriss Address and the 1010 Norman Harriss Address, and to extend the time to effectuate service upon Defendant by a period of thirty (30) days after the Court enters an Order disposing of the present motion.

DATED: June 19, 2025

          **SANDERS LAW GROUP**

          By: ___*/s/ Craig Sanders*___
          Craig Sanders, Esq.
          333 Earle Ovington Blvd, Suite 402
          Uniondale, NY 11553
          Tel: (516) 203-7600
          Email: csanders@sanderslaw.group

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.01(a)

As Defendant has not yet been served with process in this matter, counsel for Plaintiff is unable to confer with counsel for Defendant regarding the requested relief at this time.

*/s/ Craig Sanders*
Craig Sanders, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2025, a true and correct copy of the above and foregoing document was electronically filed through the Court's CM/ECF filing system which will serve notice on all parties and counsel of record.

*/s/ Craig Sanders*
Craig Sanders, Esq.